Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50261 | DATE | 11/18/2003 |
| CASE TITLE | Davis vs. Biller | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion for summary judgment in part and denies it in part. The court denies plaintiff's motion for summary judgment and motion to strike. The attorney general is to arrange a settlement conference with plaintiff before Magistrate Judge Mahoney.

*Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required.. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 19 2003 | |
| | Notified counsel by telephone. | | date docketed | 84 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK 03 NOV 18 PM 3:09 FILED-WS | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | NOV 19 2003 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Jeffrey Davis, filed a pro se, amended complaint pursuant to 42 U.S.C. § 1983 against several defendants employed at the Dixon Correctional Center as well as the Director of the Illinois Department of Corrections, Donald Snyder. Plaintiff raises the following claims in his amended complaint: (1) Biller wrote up plaintiff for failing to obey an order in retaliation for plaintiff having filed a grievance; (2) Miles failed to report Biller's anger toward plaintiff for filing the grievance; (3) Brooke placed plaintiff in temporary confinement which was disproportionate to the alleged infraction in violation of internal policy and the Eighth Amendment; (4) Reuben violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by placing him in segregation with no pillow, one soiled sheet, a frigid cell, a soiled jump suit, and a dysfunctional sink; (5) he was denied his First Amendment right to practice his religion when he was placed in segregation for 10 days with no Bible and no access to a chaplain or religious leader; and (6) he was denied due process related to the disciplinary process which resulted in his being placed in segregation for 10 days.

Defendants have moved for summary judgment, and plaintiff has responded to the motion for summary judgment, submitted as evidence his own affidavit, filed his own motion for summary judgment and moved to strike defendants' motion for summary judgment. Plaintiff's motion for summary judgment essentially consists of arguments in opposition to defendants' motion for summary judgment.

Summary judgment is proper here there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003). For the foregoing reasons, the court grants in part and denies in part defendants' motion for summary judgment, denies plaintiff's motion for summary judgment, and denies plaintiff's motion to strike.

Initially, plaintiff's motion to strike is denied as the affidavits submitted by defendants substantially comply with Fed. R. Civ. P. 56(e). Furthermore, plaintiff was given ample time to submit a response to the motion for summary judgment. The fact that defendants were allowed to file their motion for summary judgment beyond the original date set for dispositive motions did not affect the time allowed for plaintiff to file his response.

The court denies summary judgment as to plaintiff's claim that Biller retaliated against him for filing a grievance. To prove a claim for retaliatory treatment, an inmate need only show a chronology of events from which retaliation may be inferred. DeWalt v. Carter, 224 F. 3d 607, 618 (7th Cir. 1999). The evidence submitted by plaintiff is his affidavit in which he states that he wrote a grievance on Biller on May 18, 2000, and gave it to Miles on May 19, 2000. Biller, in turn, wrote a disciplinary charge against plaintiff on May 20, 2000, for failing to obey a direct order. It can be inferred from this sequence of events that Biller did so as retaliation for plaintiff filing the grievance two days earlier.

Biller does not deny that he was aware of the grievance but states in his affidavit that the reason he wrote a disciplinary charge against plaintiff was because plaintiff disobeyed a direct order. Plaintiff, however, in his affidavit refutes that he was given a direct order by Biller. Thus, there is a question of material fact as to whether there was a reason independent from the grievance for Biller writing the disciplinary charge against plaintiff. The Brooke affidavit, which states that upon "information and belief" Biller gave plaintiff a direct order which was disobeyed, simply reinforces the existence of a question of material fact in this regard. The court grants summary judgment, however, as to Miles as her alleged failure to report Biller's anger toward plaintiff about the grievance does not constitute retaliation or any other cognizable claim.

The court also denies summary judgment on plaintiff's claim that he was subjected to cruel and unusual punishment based on the conditions in segregation to the extent the claim is based on a lack of drinking water. In a case of conditions of confinement in a prison, there are two elements required to establish a violation of the Eighth Amendment's cruel and unusual punishment clause. Isby v. Clark, 100 F. 3d 502, 505 (7th Cir. 1996). First, an objective element requires a showing that the conditions deny the inmate the minimal civilized measure of life's necessities which creates an excessive risk to the inmate's health and safety. Isby, 100 F. 3d at 505. The second requirement, a subjective one, is to establish a defendant's culpability for the complained of condition. Isby, 199 F. 3d at 505. Prison officials are deliberately indifferent to deprivations suffered by inmates if they know of the condition but refuse to take steps to correct it. Dixon v. Godinez, 114 F. 3d 640, 645 (7th Cir. 1997).

In this case, as to the objective element, most of the conditions do not rise to the level of cruel and unusual punishment. However, in his affidavit, plaintiff states that the sink was not working and that he "was not given water to drink period." While a dysfunctional sink alone is not necessarily cruel and unusual punishment, an inmate has a basic right to adequate drinking water. McNeal v. Ellerd, 823 F. Supp. 627, 632 (E.D. Wisc. 1993) (citing Woods v. Thieret, 903 F. 2d 1080 (7th Cir. 1990)). Defendants offer no evidence to dispute that plaintiff had no drinking water. Thus, plaintiff has raised an issue of material fact as to the objective element of his claim.

As for the subjective element, plaintiff states in his affidavit that he told Reuben that he was without water. Reuben's affidavit is silent as to this assertion. It can be inferred that Reuben refused to correct the situation. Thus, plaintiff has submitted enough evidence to survive summary judgment on his Eighth Amendment claim based on the denial of drinking water while in segregation.

The next claim addressed is that Brooke violated internal policy and the Eighth Amendment by placing plaintiff in temporary confinement for four days based on his alleged disobeying of the direct order. The court grants summary judgment on this claim because temporary confinement was not grossly disproportionate to the alleged violation. See Walker v. Shansky, 28 F. 3d 666, 671 (7th Cir. 1994). Nor has plaintiff shown it was an atypical and significant hardship. See Sandin v. Connor, 515 U.S. 472, 481 (1995). As for the alleged violation of policy, that cannot provide the basis for a section 1983 claim. See Martin v. Tyson, 845 F. 2d 1451, 1455 (7th Cir. 1988).

Plaintiff also claims he was denied his First Amendment right to practice his religion because he was placed in segregation for 10 days without his Bible and without access to a chaplain or religious leader. Prisons are only required to make reasonable efforts to provide an opportunity for religious practice. Tarpley v. Allen County, Indiana, 312 F. 3d 895, 899 (7th Cir. 2002). A prisoner who is not denied access to religious services or a Bible on a regular basis cannot establish a First Amendment claim. Walker v. Elrod, 1990 WL 186467, *6 (N.D. Ill. Nov. 18, 1990).

Here, plaintiff's claim of 10 days without a Bible or access to a chaplain or religious leader fails to meet the regular denial test, and, therefore, the court grants summary judgment in favor of defendants on that claim.

The court also grants summary judgment on plaintiff's claim that he was denied due process in being placed in segregation for 10 days as punishment for his alleged infraction. To support such a claim, he must show his punishment constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Connor, 515 U.S. 472, 481 (1995). This he has not done. See Alegria v. Carter, 1999 WL 1032598, *2 (N.D. Ill. Nov. 10, 1999).

Lastly, defendants Reuben, Sternes, and Snyder also seek summary judgment based on their lack of personal involvement in any of the claims directed against them. A plaintiff who brings a civil rights action must prove that a defendant personally participated in or caused the unconstitutional actions. Alejo v. Heller, 328 F. 3d 930, 936 (7th Cir. 2003). Here, plaintiff has offered no evidence that either Sternes or Snyder had any personal involvement in any of his claims. General assertions of overall supervisory authority are insufficient. Summary judgment is, therefore, granted as to those two defendants on that basis.

As for Reuben, the only evidence showing personal involvement is his supervision over, and knowledge of, the conditions in segregation. This knowledge was conveyed, according to plaintiff's affidavit, directly to Reuben by plaintiff. Thus, summary judgment is denied as to Reuben based on lack of personal involvement to the extent of the claim based on lack of drinking water.

For the foregoing reasons, the court grants defendants' summary judgment motion in part and denies it in part. The court denies plaintiff's motion for summary judgment and motion to strike.